IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

QUENTIN TRUJILLO,

    Plaintiff,

vs.                                                                       No. CV 21CV609 MIS/KK

MICHAEL KROEBAL, et al.,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the handwritten complaint ("Complaint") (Doc. 1) and amended Complaint for Violation of Civil Rights (Doc. 38) filed by Plaintiff Quentin Trujillo. The Court will dismiss the Complaint and amended Complaint without prejudice for failure to comply with Court orders, statutes, and rules, and failure to prosecute.

Plaintiff Trujillo submitted his original filing on July 1, 2021. (Doc. 1). Plaintiff's filing consists of a series of what appear to be handwritten letters. (Doc. 1). Plaintiff states that he has been incarcerated at MDC since May 6, 2021 and is writing to detail his investigation inside and outside of MDC. (Doc 1 at 4, 7). He makes rambling statements about family members, neighborhood gangs, murder plots, and conduct of government officials. (Doc. 1 at 4-7).

Although he did not expressly allege violation of any constitutional right, it appeared that Plaintiff's filing may possibly be an attempt to assert prisoner civil rights claims under 42 U.S.C. § 1983. A civil rights complaint under 42 U.S.C. § 1983 is the

1

exclusive vehicle for vindication of substantive rights under the Constitution. See, *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (claims against state actors must be brought under 42 U.S.C. § 1983). The Complaint was not in proper form for a civil rights complaint. Plaintiff also did not pay the filing fee or submit an application to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915.

On July 20, 2021, the Court ordered Plaintiff Trujillo to remedy the deficiencies in his filing by putting his Complaint in proper form and either paying the filing fee or submitting an application to proceed *in forma pauperis.* (Doc. 5 at 1-2). The Court also sent Plaintiff a form prisoner's civil rights complaint with instructions and a form application to proceed under 28 U.S.C. § 1915 with instructions. (Doc. 5 at 2). The Order advised Plaintiff that, if he failed to cure the deficiencies within the 30-day time period, the Court could dismiss this proceeding without further notice. (Doc. 5 at 2).

More than 30 days elapsed after entry of the Court's Order to Cure Deficiencies and Plaintiff did not submit a complaint in proper form, pay the filing fee, or submit a complete application to proceed under § 1915. Instead, Plaintiff submitted two incomplete applications to proceed under § 1915 that did not include the required six-month inmate account statement. (Doc. 11, 12). He also filed a "Motion to Cure Deficiencies." (Doc. 14). The Motion to Cure Deficiencies states:

> "This Application is before the Court on July 1, 2021, pro se filing of Plaintiff myself Quentin M. Trujillo (doc. 2) This motion is file an updated to be efficient to cure deficiencies signing off on all filed documents and written and filed by Mitchell R. Elfers the Office of the Clerk, signed under penalty of perjury complaint.
> This deficiencies order, furth complaint by hand written application to proceed in District court Without paying prepaying fees or Cost and these fees and cost will be paid in full at (1) pay $402. ASAP.

2

> It is further mentioned this is a formal Complaint for Violation of
> Civil Rights (prisoner Complaint) with instructions and testimony in
> full report."

(Doc. 14 at 1). In addition to an Application to Proceed (Doc. 12) and his Motion to Cure Deficiencies (Doc. 14), on August 2, 2021, Plaintiff Trujillo filed an "Order to Discharge" (Doc. 15), an Order to Release (Doc. 16), a Motion to the State of New Mexico, Bernalillo County Metropolitan Court Ordered to Discharge Release (Doc. 17), Order to Release (Doc. 18), and Order to Discharge/Release (Doc. 19). The Court construes all of these August 2, 2021, submissions as motions.

On August 11, 2021, more than 30 days after entry of the Court's Order to Cure Deficiencies, Plaintiff sent in the form Complaint for Violation of Civil Rights. (Doc. 38). The Complaint was not mailed in compliance with the prisoner mailbox rule and does not set out a reason for the untimeliness of the filing. *Price v. Philpot,* 420 F.3d 1158, 1165-67 (10th Cir.2005); *United States v. Ceballos–Martinez,* 387 F.3d 1140, 1143-46 (10th Cir.2004). The Complaint does not set out a civil rights claim but, instead, states:

> "Oct 17, 2020 at 2805 LaVega, the Siblings come to Murder my Mom
> & don't ever come back after that, prior to that the Kroebal Family Taps
> the whole property Leslie Roberts & the Cleaning Ladies never return keys
> to residence the South Valley & Colorado it is all in my Full Report and
> Testimony filed in the United Sates District Court of New Mexico, William Johnson
> Kenneth Gonzales Kirtan Khalsa Fred Federici and the Governor of New Mexico
> Michelle Lujan Grisham."

(Doc. 38 at 4).[1] On August 30, 2021, Plaintiff Trujillo then sent a letter to the Court asking for appointment of pro bono counsel. (Doc. 47). In addition, Trujillo sent at least 25 largely incoherent letters to the Court. (Doc. 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 39, 40, 41, 42, 43, 44, 45, 48).

---

[1] The Court notes that this case is the only case that Plaintiff Trujillo has filed in this Court.

At the time he filed his Complaint, Plaintiff Trujillo was incarcerated at the Metropolitan Detention Center ("MDC") in Albuquerque, New Mexico.  (Doc. 1).  Mail to the MDC address was subsequently returned as undeliverable.  (Doc. 46).  On August 30, 2021, Plaintiff Trujillo notified the Court that he was no longer incarcerated at MDC and his new address was Good Shepard HRC, 218 Iron Ave. SW, Albuquerque, New Mexico.  (Doc. 47).  The Court changed the docket to reflect Plaintiff's new address and remailed documents to the Good Shepard address.  Mail sent to the Good Shepard address was then returned as undeliverable.  (Doc. 49, 50, 51, 53, 54, 56).

On September 28, 2021, the Court entered an Order to Show Cause directing Plaintiff Trujillo to either provide the Court with a current address or show cause why the case should not be dismissed for failure to keep the Court advised of his correct mailing address within 30 days.  (Doc. 52).  The Order notified Plaintiff that, if he did not comply with the Order, the case could be dismissed without further notice.  (Doc. 52 at 1-2).  Plaintiff Trujillo did not comply with the September 28, 2021, Order to Show Cause.  Instead, on December 8, 2021, Plaintiff sent a letter to the Court indicating he was not in custody and showing a private address in Albuquerque, New Mexico.  (Doc. 57).

Plaintiff did not file a complaint in proper form within the time permitted by the Court and did not seek any extension of time or provide an explanation for his failure to comply with the Order to Cure Deficiencies.  Plaintiff's Applications to Proceed *in forma pauperis* are also deficient because they do not include the 6-month inmate account statement required by 28 U.S.C. § 1915(b) and by the official form Application to Proceed under § 1915 that was provided to and used by Plaintiff (*See* Doc. 12 at 1, Doc. 14 at 1).   The Application submitted by Plaintiff states "I have attached to this document a statement

4

certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name." (Doc. 12 at 1, Doc. 14 at 1). However, no six-month institutional account was attached. Last, although Plaintiff Trujillo did eventually provide the Court with an updated address, he did not do so within the time set by the September 28, 2021, Order to Show Cause (Doc. 5).

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with statutes or rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003).

Plaintiff Trujillo has failed to comply with the Court's two prior orders, failed to comply with statutory provisions, including 28 U.S.C. § 1915, failed to comply with Fed. R. Civ. P. 8 and 11, filed to comply with D.N.M. LR-Civ. 83.6, and failed to prosecute this action. The Court may dismiss this action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, to comply with statutes, and to comply with court orders. *Olsen v. Mapes*, 333 F.3d at 1204, n. 3. The Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with statutes, rules, and Court Orders and failure to prosecute this proceeding.

Also pending before the Court are the Application to Proceed (Doc. 11), Application to Proceed (Doc. 12), Motion to Cure Deficiencies (Doc. 14), Order to Discharge (Doc. 15), Order to Release (Doc. 16), Motion to the State of New Mexico, Bernalillo County Metropolitan Court Ordered to Discharge Release (Doc. 17), Order to Release (Doc. 18), Order to Discharge/Release (Doc. 19), and letter motion for appointment of counsel (Doc.

47).  The Court will deny all of the pending motions as moot in light of the dismissal of this case.[2]

**IT IS ORDERED:**

**(1)** the Application to Proceed (Doc. 11), Application to Proceed (Doc. 12), Motion to Cure Deficiencies (Doc. 14), Order to Discharge (Doc. 15), Order to Release (Doc. 16), Motion to the State of New Mexico, Bernalillo County Metropolitan Court Ordered to Discharge Release (Doc. 17), Order to Release (Doc. 18), Order to Discharge/Release (Doc. 19), and letter motion for appointment of counsel (Doc. 47) are **DENIED** as moot; and

**(2)** the Complaint (Doc. 1) and Complaint for Violation of Civil Rights (Doc. 38) filed by Plaintiff Quentin Trujillo are **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with rules, statutes, and the Court's Orders, and failure to prosecute.

*Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[2] The Court also notes that, based on his December 8, 2021, change of address, Plaintiff's motions seeking release from custody (Doc. 15, 16, 17, 18, and 19) also appear to be moot because he is no longer in custody.